## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **EDWARD JONES**, | ) | CASE NO. |
| | ) | |
| *Individually and on behalf of all others similarly situated,* | ) | JUDGE |
| | ) | |
| | ) | **PLAINTIFF'S CLASS ACTION AND** |
| Plaintiff, | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| *v.* | ) | |
| | ) | ***(Jury Demand Endorse Hereon)*** |
| **KROY LLC** | ) | |
| ***d/b/a* BUCKEYE BUSINESS** | ) | |
| **PRODUCTS, INC.** | ) | |
| c/o Statutory Agent | ) | |
| Stephen R. Kalette | ) | |
| 3830 Kelley Ave. | ) | |
| Cleveland OH 44114 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Edward Jones, on behalf of himself and all others similarly situated, for his Class and Collective Action Complaint against Defendant Kroy LLC, *also doing business as* Buckeye Business Products, Inc. (hereinafter also referred to as "Kroy" or "Defendant"), states and alleges the following:

## INTRODUCTION

1.     The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked

in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio statutory law further required the payment of overtime compensation and/or contained other compensation requirements and/or penalties. *See* O.R.C. §§ 4111.03(A), 4113.15, 2307.60.

2. Defendant Kroy's employee overtime wage compensation practices, including Defendant's overtime miscalculation policies, have previously been challenged as willful attempts to circumvent the FLSA and Ohio law. *See Braman v. Kroy LLC*, No. 1:18-cv-1:20-cv-01012-DCN (N.D. Ohio, filed May 8, 2020). In *Braman*, on September 28, 2020, the parties filed their Joint Motion For Order and Judgement Entry Approving Settlement of Collective Action and Dismissing Action with Prejudice (Doc. 11), in this district and division, which incorporated a settlement providing for a gross total of $300,000.00 in overtime back wages and other damages (*see id.* at Doc. 11-1). Nevertheless, Defendant has continued to engage in willful, intentional FLSA overtime violations to the detriment of its employees, including Plaintiff, other Opt-In Plaintiffs, and other members of the State Law Class.

3. Plaintiff brings this case to challenge the practices and policies of Defendant that willfully violate the FLSA, 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio.

4. Plaintiff brings this case as an FLSA and Ohio law collective action pursuant to 29 U.S.C. § 216(b) and O.R.C. § 4111.10 – which provide, respectively, that "[a]n action to recover the liability… may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated… [who] gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought," and "[who] gives written consent to become such a party plaintiff and that consent is filed with the court in which the action is brought" – on behalf of

himself and other employees who opt-into this action under the FLSA and Ohio law ("Opt-In Plaintiffs"), **COUNTS ONE** and **TWO**, respectively, of this Complaint

5.      Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under O.R.C. §§ 4113.15 and 2307.60 (the "State Law Class"), **COUNTS THREE** and **FOUR**, respectively, of this Complaint.

6.      Plaintiff, other Opt-In Plaintiffs, and State Law Class members now seek to exercise their rights to unlawfully unpaid overtime wages and additional statutory liquidated damages in this matter, other penalties and compensation available under federal and Ohio law, in addition to prejudgment and post-judgment interest, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8.      This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

9.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and/or because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

10.     Plaintiff Jones is an individual, a citizen of the United States, and a resident of the State of Ohio. Plaintiff Jones has completed an "Opt-In Consent Form" which is filed as Exhibit A to this Complaint and is incorporated by reference herein (providing, in part, that "I hereby authorize the filing and prosecution of claims in my name and on my behalf, to contest the failure of **KROY LLC**, and/or its parents, subsidiaries, predecessors, successors, ownership, affiliated, and related companies and/or persons, to pay me proper wages, including overtime wages, under federal and/or state law").

11.     Defendant Kroy, *doing business as* Buckeye Business Products, Inc., is a Nevada for-profit limited liability company with its principal place of business at 3830 Kelley Ave., Cleveland, OH 44114.[1] According to records maintained by the Ohio Secretary of State, Defendant Kroy's Statutory Agent for service of process is Stephen R. Kalette, 3830 Kelley Ave., Cleveland, Ohio 44114.[2]

12.     Defendant Kroy also controls the registered trade name Buckeye Business Products, Inc. According to records maintained by the Ohio Secretary of State, Buckeye Business Products, Inc.'s Registered Agent is Kroy LLC, 3830 Kelley Avenue, Cleveland, Ohio 44114.[3]

---

[1] *See* https://www.buckeyebusiness.com/ (last accessed August 2, 2023); https://www.kroy.com/ (last accessed August 2, 2023).
[2] https://businesssearch.ohiosos.gov?=businessDetails/1428605 (last accessed August 2, 2023).
[3] https://businesssearch.ohiosos.gov?=businessDetails/RN182688 (last accessed August 2, 2023).

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

13.     Defendant Kroy is a label manufacturer, whose products include, among other things, thermal transfer labels, direct thermal labels, thermal transfer ribbons,[4] color thermal labels, freezer grade labels, and auto apply labels.[5]

14.     Defendant is an "employer" of Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and Ohio law, O.R.C. §§ 4111.03(D) and 4113.15.

15.     Defendant utilizes non-exempt employees, including Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class, in furtherance of its business purposes.

16.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

17.     At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

18.     Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

19.     At all times relevant, Defendant was an employer of Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

---

[4] https://www.kroy.com/ (last accessed August 2, 2023).
[5] https://www.buckeyebusiness.com/our-products/ (last accessed August 2, 2023).

**Plaintiff's, other Opt-In Plaintiffs,' and State Law Class Members'**
**Non-Exempt Employment Statuses with Defendant**

20.     Plaintiff Jones was employed by Defendant from approximately 2014 to July 2023 as a non-exempt employee. Plaintiff Jones' most recent job title was a box maker.

21.     Throughout their employments, Defendant classified and paid Plaintiff, as well as other Opt-In Plaintiffs and members of the State Law Class, as non-exempt employees.

22.     At all times relevant, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and Ohio law, O.R.C. §§ 4111.03(D)(3) and 4113.15.

23.     At all times relevant, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendant's Unlawful Failure to Pay Overtime Compensation**

24.     The FLSA and Ohio law required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40), as well as provided other pay requirements as applicable. 29 U.S.C. § 207; O.R.C. §§ 4111.03(A), 4113.15. *See* O.R.C. § 2307.60.

25.     Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class regularly worked more than forty (40) hours in a single workweek.

26.     Although Defendant suffered and permitted Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class

were willfully not properly paid overtime compensation for their overtime hours worked as required by the FLSA, 29 U.S.C. § 207, and Ohio law, O.R.C. §§ 4111.03(A), 4113.15. *See* O.R.C. § 2307.60.

27.     Instead of compensating Plaintiff Jones, other Opt-In Plaintiffs, and members of the State Law Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, as further explained below, Defendant paid Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

28.     Defendant shortchanged its non-exempt employees and failed to pay overtime compensation through unlawful practices that do not pay all overtime hours worked at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

29.     Defendant consistently, willfully, and intentionally failed to pay Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class for all hours, including overtime hours, worked, at the statutory overtime rate required. 29 U.S.C. § 207; O.R.C. § 4111.03(A). *See* O.R.C. §§ 4113.15, 2307.60.

**<u>Defendant's Failure to Pay All Hours, Including Overtime Hours, Worked as a Result of Defendant's Time Editing and/or Rounding Practices and/or Policies</u>**

30.     Defendant failed to pay Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class for all hours, including overtime and non-overtime hours, worked as a result of Defendant's time editing and/or rounding practices and/or policies.

31.     More specifically, Defendant has a time rounding and/or editing policy, and time manipulation practices in conformity with this policy, that led to less time paid than time worked for Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class at the beginning and the end of Plaintiff's, other Opt-In Plaintiffs, and State Law Class members' workdays.

7

Defendant has implemented time rounding/editing policies and/or practices, and/or other time manipulation procedures in conformity with these policies/practices, that lead to less time paid than time worked for Plaintiff Jones, other Opt-In Plaintiffs, and members of the State Law Class.

32.     At the beginning of their workdays, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class clock in and started to work and perform the principal activities of their jobs, but Defendant generally did not pay them for all of their time worked. Instead, Defendant paid them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all compensable work required by, performed for and to the benefit of Defendant. Defendant willfully manipulated Plaintiff's, other Opt-In Plaintiffs,' and State Law Class members' beginning of shift time records to reflect less time worked when Defendant submitted these employees' records to payroll, resulting in less time paid than time worked.

33.     This time docking also occurred at the end of the workday. Plaintiff Jones, other Opt-In Plaintiffs, and members of the State Law Class regularly work, stop working, and clock out at the end of their workdays, but Defendant generally did not pay them for all of their time worked. Instead, Defendant paid them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all compensable work required by, performed for and to the benefit of Defendant. Defendant willfully manipulated Plaintiff's, other Opt-In Plaintiffs,' and State Law Class members' end of shift time records to reflect less time worked when Defendant submitted these employees' records to payroll, resulting in less time paid than time worked.

34.     Although Defendant suffered and permitted Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class to work more than forty (40) hours per workweek, Defendant

8

failed to pay Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. § 785.11. Though Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class regularly complete tasks that are required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities before their shift starting times (and after shift ending times), these workers are not paid for the time spent performing these tasks because Defendant unilaterally deducted this time worked, regardless of the fact that compensable work was completed. As a result, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were not properly paid for many of their hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq*., and Ohio law.

35.     Plaintiff Jones, only by way of example, was adversely affected by Defendant's unlawful time rounding and/or editing policy, and time manipulation practices in conformity with this policy, on a daily and weekly basis. Based on the records produced by Defendant to Plaintiff pursuant to Section 34a of Article II of the Ohio Constitution and Ohio Revised Code § 4111.14(G), Plaintiff Jones received, on average, approximately 13 minutes of time work deducted each workday from June 19, 2020 until June 22, 2023.

36.     Defendant shortchanged Plaintiff Jones, other Opt-In Plaintiffs, and members of the State Law Class  and avoided paying overtime compensation through Defendant's unlawful time rounding and/or editing policy, and time manipulation practices in conformity with this policy. Defendant intentionally, knowingly, and willfully deducted time worked to reduce labor costs notwithstanding that Defendant's editing and/or rounding time manipulation policies violate Department of Labor regulations which require both that employees' time be rounded "to

the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

37.     Moreover, Defendant utilizes a time rounding/editing system that has been rigged in Defendant's favor, willfully designed to pay less time work than time paid. As a result, Plaintiff Jones, other Opt-In Plaintiffs, and members of the State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff Jones, other Opt-In Plaintiffs, and members of the State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), and Ohio law.

38.     Defendant's time rounding and/or editing policy, and time manipulation practices in conformity with this policy, are not neutral, facially or otherwise. Plaintiff Jones, only by way of example, received a favorable time round/edit just 3% of workdays, and an unfavorable time round/edit a staggering 88% of workdays based on the records produced by Defendant to Plaintiff pursuant to Section 34a of Article II of the Ohio Constitution and Ohio Revised Code § 4111.14(G). As to Plaintiff Jones, only by way of example, 100% of workweeks during the produced time period resulted in a failure to pay all hours worked. That is, all workweeks Plaintiff worked during the produced time period demonstrate that the system always resulted in a benefit to Defendant, and a loss of earned wages to Plaintiff.

39.     Defendant's pay practices were the result of systematic and company-wide policies originating at the corporate level. Defendant's policies with respect to time editing and time rounding resulted from knowing or reckless executive decisions. Defendant, through its supervisors and managers, knew that Plaintiff Jones, other Opt-In Plaintiffs, and members of the

10

State Law Class  were working the time for which they were not paid, as a result of Defendant's time-keeping, time recordation, and subsequent time rounding and editing, and thus Defendant's actions were deliberate and willful within the meaning of the FLSA and Defendant lacked a good faith basis for its actions. Defendant knew about the overtime compensation requirements of the FLSA and Ohio law or acted in reckless disregard as to Defendant's obligations under the FLSA and Ohio law.

40.     As a result of Defendant's time manipulation and pay deprivation policies/practices, Plaintiff Jones, other Opt-In Plaintiffs, and members of the State Law Class were not paid for all hours worked, including overtime and non-overtime hours worked. As a result of the time rounding/editing employed by Defendant, Defendant's rounding/editing practices have created a system that virtually always rounds against Plaintiff Jones, other Opt-In Plaintiffs, and members of the State Law Class, and the rounding is nearly always in Defendant's favor. The rounding policies also caused Defendant to violate the FLSA, Ohio law, and the Department of Labor regulations by docking compensable hours and pay, and thereby failing to pay for all hours suffered or permitted to work.

41.     Although the deducted time worked was compensable as overtime or straight time hours worked, the work was required by Defendant and the nature of the work performed, the work was performed for Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities, it was not fully paid on a straight time regular rate basis (during non-overtime weeks), nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40) (during overtime weeks), as required by the FLSA. Although Plaintiff Jones, other Opt-In Plaintiffs, and members of the State Law Class performed their actual, principal job

11

duties when they clock in at the beginning of the workday, and until they clock out at the end of the workday, Defendant did not pay this time worked which was required to be paid as hours worked under the FLSA as Defendant manipulated their time to Defendant's benefit. Had Defendant implemented rounding policies in compliance with the FLSA and Department of Labor regulations, Plaintiff Jones, other Opt-In Plaintiffs, and members of the State Law Class would have been compensated for additional overtime and non-overtime hours for which they were not paid.

42.     In summary, through Defendant's unlawful time editing and/or rounding practices and/or policies, Defendant systematically, and intentionally and willfully, unlawfully edited and/or rounded away compensable time worked, which resulted in a failure to compensate Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay. Defendant's intentional deduction of overtime hours worked constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio law, O.R.C. § 4111.03. *See* O.R.C. §§ 4113.15, 2307.60.

### Defendant's Record Keeping Violations

43.     The FLSA and Ohio law required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

44.     For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each

workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

45.     Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

46.     Defendant kept records of hours worked by Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class. However, at the time that Plaintiff's, other Opt-In Plaintiffs,' and members of the State Law Class's hours worked were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift compensable work required by, performed for and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA and Ohio law, and violated FLSA and Ohio law record keeping requirements.

**The Willfulness of Defendant's Violations**

47.     In addition to the above allegations demonstrating the willfulness of Defendant's wage violations as provided for above, Defendant knew that Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

48.     By denying Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class overtime compensation as required by the FLSA and Ohio law, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and Ohio law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and Ohio law, or acted in reckless disregard as to Defendant's obligations under these laws.

49.     Moreover, Defendant's overtime compensation payment obligations under the FLSA and Ohio law were clearly known by Defendant, but nonetheless willfully and intentionally disregarded. For example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the Director of Commerce, this conspicuously-placed posting includes the language: "**OVERTIME** … [a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week..."[6] Defendant therefore knew about the overtime requirements of the FLSA and Ohio law, or acted in reckless disregard for whether Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were entitled to overtime compensation.

---

[6] *See, e.g.,* https://com.ohio.gov/static/documents/2023MWPoster.pdf (emphasis original) (last accessed August 2, 2023).

50.     In addition, as provided above, Defendant Kroy's employee overtime wage compensation practices and policies, including Defendant's overtime underpayment practices and policies, have previously been challenged as willful attempts to circumvent the FLSA and Ohio law. *See Braman v. Kroy LLC*, No. 1:18-cv-1:20-cv-01012-DCN (N.D. Ohio, filed May 8, 2020). Despite Defendant previously agreeing to pay a gross total of $300,000 in overtime back wages and other damages as a result of its alleged overtime underpayment practices and policies, Defendant has continued to willfully and intentionally underpay its employees overtime compensation.

51.     In addition, on a regular basis, Plaintiff Jones complained to his supervisor that his paycheck was not correct because his wages appeared to be less than the wages he was owed. However, the issue was not corrected. Plaintiff Jones therefore escalated the issue to human resources. Despite Plaintiff's complaints to his supervisor and human resources about unpaid wages, which included overtime wages, the pay issues were never corrected.

52.     Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA and Ohio law.

53.     Plaintiff and other Opt-In Plaintiffs are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation, pursuant to 29 U.S.C. § 260.

54.     In addition, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class are entitled to recovery under Ohio's law providing for recoverable damages in this civil action for damages for criminal acts, O.R.C. § 2307.60.

55.     The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. §§ 4111.03, 4113.15, 2307.60; and resulted in the

unlawful deprivation of wages to the benefit of Defendant and to the detriment of Defendant's

employees, including Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class.

### FLSA AND OHIO COLLECTIVE OVERTIME ALLEGATIONS
### (As to COUNTS ONE and TWO)

56.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

herein.

57.     Plaintiff brings this case under the FLSA, 29 U.S.C. § 216(b), which provides that

"[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any

employer … by any one or more employees for and in behalf of himself or themselves and other

employees similarly situated."

58.     Plaintiff also brings this case pursuant to Ohio overtime statutory law, O.R.C. §

4111.01, *et seq*., including O.R.C. § 4111.10, which provides that "[n]o employee shall join as a

party plaintiff in any civil action that is brought under this section … unless that employee first

gives written consent to become such a party plaintiff and that consent is filed with the court in

which the action is brought."[7]

59.     Plaintiff brings this case on behalf of a group of employees of Defendant (referred

to herein as the "Opt-In Plaintiffs") who assert claims under the overtime provisions of the

FLSA, 29 U.S.C. § 201, *et seq*., and Ohio's statutory overtime provisions, O.R.C. § 4111.01, *et*

*seq*. The potential "Opt-In Plaintiffs" who are "similarly situated" to Plaintiff with respect to

Defendant's FLSA and Ohio overtime violations include:

---

[7] "Ohio law incorporates the FLSA's definitions, standards, and principles for its … overtime
compensation provisions." *Hurt v. Commerce Energy, Inc.,* N.D.Ohio No. 1:12-CV-758, 2017
U.S. Dist. LEXIS 128850, at *3-5 (Aug. 14, 2017), fn. 9; Ohio Const. Art. II, § 34a; Ohio Rev.
Code §§ 4111.02-.03.

**All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of three years preceding the commencement of this action to the present who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek by virtue of having their time edited and/or rounded. [8]**

60.     Such persons are "similarly situated" with respect to Defendant's FLSA and Ohio law overtime violations, as to the collective group of employees identified above, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

61.     Plaintiff and potential Opt-In Plaintiffs, having willfully been not paid at least the federal and Ohio overtime wage for the overtime hours they worked for Defendant pursuant to the common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 207; O.R.C. § 4111.03.

62.     Plaintiff Jones and other potential Opt-In Plaintiffs are similarly situated because, among other reasons, Plaintiff Jones, as well as the other potential Opt-In Plaintiffs, are owed approximately hundreds to thousands of overtime hours when working for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a result of Defendant's time rounding and/or editing policies, and time manipulation practices in conformity with these policies, that lead to less time paid than time worked.

63.     Plaintiff and potential Opt-In Plaintiffs have been similarly affected by the FLSA and Ohio law overtime violations of Defendant in one or more workweeks during the relevant

---

[8] Plaintiff reserves the right to amend and refine the definition of the Opt-In Plaintiffs group members he seeks to have the Court serve notice based upon further investigation and discovery.

time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal and Ohio overtime wages.

64.      Plaintiff and potential Opt-In Plaintiffs have been damaged by Defendant's willful refusal to pay at least the federal and Ohio overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA and Ohio law violations, each Plaintiff Jones and potential Opt-In Plaintiffs are similarly situated in that each is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

65.      Throughout his employment with Defendant, Plaintiff was subjected to the same timekeeping and payroll policies and practices by Defendant – including the time rounding and/or editing policies, and time manipulation practices in conformity with these policies/practices, that led to less time paid than time worked – that other potential Opt-In Plaintiffs were subjected to.

66.      Plaintiff is similarly situated to potential Opt-In Plaintiffs and will prosecute this action vigorously on their behalf.

67.      Plaintiff is entitled to send notice to all potential Opt-In Plaintiffs pursuant to Section 216(b) of the FLSA. Identification of potential Opt-In Plaintiffs is readily available from the timekeeping and compensation records, including timekeeping and payroll data, maintained by Defendant. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA and decisional law.

68.      Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b) – by Court order – is proper and necessary so that such persons may be sent a

Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

69.     Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to potential Opt-In Plaintiffs is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendant satisfied the FLSA's and Ohio law's requirements for payment of the statutory overtime wages.

70.     The precise size and identity of the group of potential Opt-In Plaintiffs are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA and Ohio law. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential Opt-In Plaintiffs consist of approximately one hundred or more persons.

## OHIO CLASS ACTION ALLEGATIONS
### (As to COUNTS THREE and FOUR)

71.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

72.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and a group of employees of Defendant who assert claims under O.R.C. §§ 4113.15 and 2307.60 (referred to herein as the "State Law Class"),[9] defined as:

---

[9] Plaintiff specifically does not bring a Fed. R. Civ. P. 23 class action under O.R.C. § 4111.10.

**All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of six years[10] preceding the commencement of this action to the present who were not paid for all non-overtime and/or overtime hours worked by virtue of having their time rounded and/or edited.**

73.     There are questions of law or fact common to the State Law Class, including but not limited to:

Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their overtime hours worked at the overtime rates required to be paid, as well as wages for their non-overtime hours worked but not paid;

Whether Defendant's denial of Plaintiff's and other members of the State Law Class's earned and owed compensation was a willful violation of federal and/or state law, entitling Plaintiff and other members of the State Law Class to exemplary, punitive, and/or other damages pursuant to O.R.C. § 2307.60;

What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay all compensation, including overtime and non-overtime compensation, owed when the wages were required to be paid.

74.     Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

75.     The State Law Class, outlined above, is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of approximately one hundred or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain,

---

[10] *Harris v. Cunix*, 2022-Ohio-839, ¶ 36, 187 N.E.3d 582, 593 (Ct. App.) ("R.C. 2307.60(A)(1) is a remedial statute subject to the six-year statute of limitations").

pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; Ohio Const. Art. II, § 34a.

76.     Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

77.     The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

78.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)
### *On Behalf of Plaintiff Jones and other Opt-In Plaintiffs who*
### *Join this Action Pursuant to 29 U.S.C. § 216(b)*

79.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

80.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and other Opt-In Plaintiffs who may join this case pursuant to 29 U.S.C. § 216(b).

81.     The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

82.     Plaintiff and other Opt-In Plaintiffs should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

83.     Defendant did not pay overtime compensation to Plaintiff and other Opt-In Plaintiffs at the rate of one and one-half times their regular rate for all of their overtime hours suffered or permitted to work by Defendant.

84.     Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff and other Opt-In Plaintiffs overtime compensation. Defendant's deliberate failure to pay overtime compensation to Plaintiff and other Opt-In Plaintiffs was neither reasonable, nor was the decision not to pay overtime compensation made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

85.     As a result of Defendant's willful violations of the FLSA, Plaintiff and other Opt-In Plaintiffs were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other Opt-In Plaintiffs to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)
### *On Behalf of Plaintiff Jones and other Opt-In Plaintiffs who Join this Action Pursuant to O.R.C. § 4111.10*

86.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

87.     Plaintiff brings this claim for violation of Ohio overtime law, O.R.C. § 4111.01, *et seq.*, on behalf of himself and other Opt-In Plaintiffs, other individuals who "give[] written consent to become such a party plaintiff and [whose] consent is filed with the court in [] the action[.]" O.R.C. § 4111.10.

88.     At all times relevant, Defendant was an entity covered by O.R.C. § 4111.03, and Plaintiff and other Opt-In Plaintiffs are employees, and/or have been employed by, Defendant within the meaning of O.R.C. § 4111.03.

89.     Defendant's deliberate failure to compensate overtime hours worked "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek" violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

90.     By its acts and omissions described in this Complaint, Defendant has violated O.R.C. § 4111.03, and Plaintiff and other Opt-In Plaintiffs have been injured as a result.

91.     Defendant's violations of Ohio law, O.R.C. § 4111.03(A) (providing that "an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938'"), injured Plaintiff and other Opt-In Plaintiffs in that they did not receive wages due to them pursuant to Ohio law and the FLSA.

92.     As a result of Defendant's willful violations of the FLSA and of O.R.C. § 4111.03, Plaintiff and other Opt-In Plaintiffs have been damaged in that they have not received wages due to them pursuant to Ohio law.

93.     O.R.C. 4111.10(A) provides that Defendant, having violated O.R.C. 4111.03 and injured Plaintiff and other Opt-In Plaintiffs, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (Ohio Semimonthly Wage Payment Violations)
*On Behalf of Plaintiff Jones, Opt-In Plaintiffs,*
*and other State Law Class Members*

94.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

95.     Plaintiff brings this claim for violation of Ohio law, O.R.C. § 4113.15, on behalf of himself and other individuals who join this matter as Opt-In Plaintiffs, as well as members of the State Law Class.

24

96.     O.R.C. § 4113.15(A) required Defendant to pay "on or before the first day of each month … employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month." Defendant's failure to timely pay Plaintiff, Opt-In Plaintiffs, and members of the State Law Class all wages, including overtime and non-overtime wages, violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A).

97.     Plaintiff's, Opt-In Plaintiff's, and members of the State Law Class's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday in violation of O.R.C. § 4113.15. By its acts and omissions described in this Complaint, Defendant has violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15, and Plaintiff, Opt-In Plaintiffs, and members of the State Law Class have been injured as a result.

98.     Defendant's violations of Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15, injured Plaintiff, Opt-In Plaintiffs, and members of the State Law Class in that they did not receive wages due to them in a timely fashion as required by Ohio law.

99.     Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff, Opt-In Plaintiffs, and members of the State Law Class all wages owed in a timely fashion as required by Ohio law. Defendant's deliberate failure to timely pay all compensation owed to Plaintiff, Opt-In Plaintiffs, and members of the State Law Class was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15 made in good faith. By engaging in these practices, Defendant willfully violated Ohio law and regulations that have the force of law.

100.     As a result of Defendant's violation of Ohio law, Plaintiff, Opt-In Plaintiffs, and members of the State Law Class are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

**COUNT FOUR**
**(Civil Action for Damages for Criminal Acts)**
*On Behalf of Plaintiff Jones, Opt-In Plaintiffs,*
*and other State Law Class Members*

101.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

102.     Plaintiff brings this claim pursuant to Ohio's statue providing for Civil Violations for Criminal Acts, O.R.C. § 2307.60, on behalf of himself and other Opt-In Plaintiffs, and members of the State Law Class.

103.     At all times relevant, Defendant was an entity covered by the FLSA, 29 U.S.C. § 201, *et seq.,* and Plaintiff, Opt-In Plaintiffs, and members of the State Law Class have been employed by Defendant within the meaning of the FLSA.

104.     Defendant's failure to compensate overtime hours worked "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek" was a willful violation of the FLSA, 29 U.S.C. § 201, *et seq.* Defendant's failure to timely pay Plaintiff, Opt-In Plaintiffs, and members of the State Law Class all overtime wages was a willful violation of the FLSA, 29 U.S.C. § 201, *et seq.*

105.     By its acts and omissions described in this Complaint, Defendant has willfully [11] violated the FLSA, and Plaintiff, Opt-In Plaintiffs, and members of the State Law Class have

---

[11] 29 U.S.C. § 216(a) provides that "[a]ny person who willfully violates any of the provisions of section 215 of this title shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both."

been injured as a result. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.[12]

106.    Defendant's willful violations of federal law injured Plaintiff, Opt-In Plaintiffs, and members of the State Law Class in that they did not receive wages due to them pursuant to these statutory and/or other laws and regulations.

107.    As a result of Defendant's willful violations of the FLSA, Plaintiff, Opt-In Plaintiffs, and members of the State Law Class are entitled to compensatory, exemplary and punitive damages pursuant to O.R.C. § 2307.60.

[Plaintiff's *Prayer for Relief* follows on the next page.]

---

[12] *Buddenberg v. Weisdack*, 2020-Ohio-3832 (Ohio Supreme Court, 2020) (holding that claim under O.R.C. § 2307.60 requires a *criminal act*, not a criminal conviction); *see, e.g., Waters v. Pizza*, S.D.Ohio No. 3:19-cv-372, 2021 U.S. Dist. LEXIS 11743, at *14 (Jan. 22, 2021) (certifying O.R.C. § 2307.60 Fed. R. Civ. P. 23 class action).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all other Opt-In Plaintiffs and

members of the State Law Class, respectfully prays that this Honorable Court:

A.  Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, and other relevant records, necessary to determine similarly situated individuals;

B.  Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C.  Prompt issuance of Court-approved notice to similarly-situated persons informing them of this action and enabling them to opt in;

D.  Tolling of the statute of limitations, *freely*, to all would-be Opt-In Plaintiffs under the FLSA and Ohio law to the date this matter was initially filed;[13]

E.  Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class, who seek recovery under O.R.C. §§ 4113.15 and 2307.60;

F.  Enter judgment against Defendant, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) and Ohio law, and the members of the State Law Class;

G.  Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) and Ohio law in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H.  Award Plaintiff and other members of the State Law Class, including Opt-Ins to this litigation, all damages allowed by Ohio law, including but not limited to O.R.C. § 4113.15, which entitles Plaintiff and other members of the State Law Class to in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per State Law Class member, whichever is greater;

I.  Award compensatory, exemplary and punitive damages under O.R.C. § 2307.60 to Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class;

---

[13] *Clark v. A&L Homecare & Training Ctr., LLC*, No. 22-3101/3102, 2023 U.S. App. LEXIS 12365, at *26 (6th Cir. May 19, 2023) (holding, by majority concurrence, that "given the court's new standard, district courts should freely grant equitable tolling to would-be opt-in plaintiffs.")

J.      Designation of Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

K.      Award Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

L.      Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221     F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221     F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff, Opt-In Plaintiffs, and Putative Class Counsel*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)